**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Johnson v. Crutchfield,* **Slip Opinion No. 2014-Ohio-3653.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3653

JOHNSON, APPELLANT, *v.* CRUTCHFIELD, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Crutchfield,* Slip Opinion No. 2014-Ohio-3653.]**

*Habeas corpus—Prisoner not entitled to immediate release—Court of appeals' dismissal of petition affirmed.*

(No. 2013-1398—Submitted April 29, 2014—Decided August 27, 2014.)

APPEAL from the Court of Appeals for Warren County, No. CA2013-03-019.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Twelfth District Court of Appeals dismissing the petition for a writ of habeas corpus filed by appellant, Ronald Johnson.

{¶ 2} According to his petition, Johnson was arrested on July 11, 2005, for offenses allegedly committed in Fayette, Adams, and Highland Counties. At the time of his arrest, he was on parole from a conviction in Montgomery County.

{¶ 3} Johnson states in his petition that he was convicted and sentenced to a total of 11 years in prison in those counties. He additionally states in his

petition that his parole was revoked on October 13, 2006, *after* his convictions in those counties. Based on this chronology, Johnson alleges that the time he spent incarcerated after his arrest on July 11, 2005, could be attributable only to the Fayette, Adams, and Highland County charges, and therefore he should have received jail-time credit up until the date of his last conviction in those counties.

{¶ 4} In addition, Johnson's petition challenges the manner in which the Department of Corrections aggregated his 11-year total sentence on the Fayette, Adams, and Highland County convictions with the 7-to-25-year sentence on the earlier Montgomery County conviction. Specifically, Johnson alleges that the aggregation of these sentences constitutes double jeopardy.

{¶ 5} A review of the record reveals that several of the details Johnson states in his petition are either wrong or incomplete. For example, he was also convicted and sentenced in Madison County in 2007 for several offenses in two different cases, but his petition mentions those convictions only in passing and appears to misstate the sentencing terms. He was also convicted and sentenced in Montgomery County in 2007 for several offenses that are relevant to his allegations, but his petition does not mention those convictions at all. Moreover, he fails to acknowledge in his petition that many of his sentences were specifically ordered to be served consecutively to the sentences that had previously been imposed.

{¶ 6} The court of appeals properly dismissed these claims. Habeas corpus does not lie to challenge the calculation of jail-time credit when the petitioner has an adequate remedy by appeal to raise the issue. *Hughley v. Saunders*, 123 Ohio St.3d 446, 2009-Ohio-5585, 917 N.E.2d 270, ¶ 1. Likewise, double-jeopardy claims are not cognizable in habeas corpus. *Elersic v. Wilson*, 101 Ohio St.3d 417, 2004-Ohio-1501, 805 N.E.2d 1127, ¶ 3; *Howard v. Randle*, 95 Ohio St.3d 281, 2002-Ohio-2122, 767 N.E.2d 268, ¶ 6.

**{¶ 7}** More fundamentally, Johnson is not entitled to immediate release. *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4 ("In general, habeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement"). As noted previously, Johnson was sentenced to a term of 7 to 25 years on the Montgomery County charges. According to Johnson, the combination of that sentence with his new 11-year total sentence should have resulted in a term of 18 to 25 years instead of 18 to 36 years. However, as the court of appeals noted, the record makes clear that Johnson has received a number of different consecutive sentences that cannot be encompassed within the sentence that he had received earlier in Montgomery County. Because he is not entitled to immediate release, he has failed to state a claim in habeas.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., concurs in judgment only.

————————————

Ronald Johnson, pro se.

Michael DeWine, Attorney General, and Thelma Thomas Price and Marc S. Davis, Assistant Attorneys General, for appellee.

————————————