[Cite as *State ex rel. Cox v. Sloan*, 2015-Ohio-3219.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MICHAEL COX, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | **CASE NO. 2015-A-0018** |
| | : | |
| - vs - | : | |
| | : | |
| BRIGHAM SLOAN, WARDEN, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition denied.

*Michael Cox*, pro se, PID# A440-129, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM

{¶1} Pending before this court is the Petition for Writ of Habeas Corpus, filed by Michael Cox, a prisoner in the custody of the respondent, Brigham Sloan, Warden of Lake Erie Correctional Institution, in Conneaut, Ohio. For the reasons stated more fully below, judgment is entered in favor of Sloan.

{¶2} Cox filed his Petition on March 17, 2015. According to a December 18, 2002 Judgment Entry Probation Revocation attached to the Petition, Cox was

sentenced by the Crawford County Court of Common Pleas in Case No. 94 CR-0097 to serve a two-year prison term for Grand Theft, a felony of the third degree in violation of R.C. 2913.02, and a concurrent five to twenty-five-year prison term for Aggravated Burglary, a felony of the first degree in violation of R.C. 2911.11. The sentence was being imposed upon Cox having been "found guilty of violating the terms of probation granted to him by the entry filed herein on October 17, 1994."

{¶3} According to the Petition, Cox' sentence was "void ab initio" because it was imposed "by a court lacking subject-matter-jurisdiction." Cox claimed that the Crawford County Court of Common Pleas lost jurisdiction on December 31, 1997, when it dismissed, "with prejudice," an "alleged violation of probation" without extending his probation. In a January 13, 1998 Judgment Entry Nunc pro Tunc, the Crawford County Court of Common Pleas noted that the December 31, 1997 Entry failed to state that "the probation granted to defendant on October 17, 1994 is tolled," and ordered such probation be "tolled until such time as defendant is released from prison in [the unrelated] Case No. 97 CR-0123."

{¶4} On April 15, 2015, Sloan filed a Motion for Summary Judgment. Sloan argued that Cox had an adequate alternative remedy, i.e., a direct appeal: "If Cox wished to challenge the imposition of the 1994 suspended sentence, he should have filed an appeal of the Crawford County trial court's December 18, 2002 sentencing entry * * *." Sloan also argued that Cox was not entitled to immediate release from prison because his sentence for the 1994 conviction has not expired: "Cox's maximum sentence will not expire until January 23, 2034." Finally, Sloan argued that Cox failed to attach his commitment papers as required by R.C. 2725.04(D): "[t]hough Cox attached

2

some of his commitment papers from his 1994 conviction, he did not attach the commitment papers setting forth his initial conviction via his guilty plea, or his judicial release on shock probation."

{¶5} On April 23, 2015, Cox filed Petitioner's Objections to Respondent's Motion for Summary Judgment. In the Objections, Cox raises the argument that he is protected against the imposition of multiple punishments for the same offense under the Fifth Amendment to the United States Constitution.

{¶6} "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." R.C. 2725.05.

{¶7} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

3

{¶8} The basis for Cox' argument that he is unlawfully restrained of his liberty arises from the Ohio Supreme Court case of *Davis v. Wolfe*, 92 Ohio St.3d 549, 751 N.E.2d 1051 (2001). In *Davis*, the Supreme Court affirmed the release of a prisoner whose probation had been revoked after the expiration of his probationary period. The Court relied on former R.C. 2951.09 (repealed January 1, 2004) which provided that, "at the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." Accordingly, "[d]ischarge is required even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted." *Davis* at 551. It is Cox' position that, when the Crawford County Court of Common Pleas revoked his probation on December 18, 2002, his probationary period had expired and, thus, the court was without jurisdiction to reimpose his original sentence.

{¶9} The Supreme Court in *Davis* further held that in such a situation habeas corpus was an appropriate remedy despite the availability of a direct appeal. *Id.* at 552; *Rash v. Anderson*, 80 Ohio St.3d 349, 350, 686 N.E.2d 505 (1997) ("[w]hen a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal"); *In re Lockheart*, 157 Ohio St. 192, 105 N.E.2d 35 (1952), paragraph three of the syllabus ("[i]f the judgment or order under which an accused is imprisoned is a nullity, habeas corpus is the recognized and approved remedy to secure his release").

{¶10} In the present case, Cox originally received an aggregate five to twenty-five-year sentence in Case No. 94 CR-0097, which was suspended when Cox was

4

released on probation in 1994. While on probation, Cox was convicted of Felonious Assault in Crawford County Court of Common Pleas Case No. 97 CR-0123 and sentenced to four years in prison, which resulted in Cox being charged with violating his probation in Case No. 94 CR-0097.

{¶11} According to the December 31, 1997 Judgment Entry attached to the Petition, the State "moved the court to dismiss the alleged violation of probation" and the trial court did so with prejudice.

{¶12} Cox contends this judgment had the effect of terminating his probation. According to former R.C. 2951.09, when a defendant is charged with violating probation, the court "may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period." According to Cox, the court did neither. Rather, the court tried to belatedly remedy its failure through the January 13, 1998 Nunc pro Tunc Entry, which ordered "that the probation granted to defendant on October 17, 1994 is tolled until such time as defendant is released from prison in Case No. 97 CR-0123." Cox maintains the court was without subject matter jurisdiction to issue this Entry, as his probationary period had already expired. Likewise, the court was without jurisdiction to reimpose his original sentence, when Cox was again convicted of Felonious Assault in Richland County Court of Common Pleas Case No. 02-CR-463-D.

{¶13} Cox' argument fails in that his probationary period in Case No. 94 CR-0097 was automatically tolled during the period of his incarceration in Case No. 97 CR-

5

0123 and, therefore, it was not necessary for the trial court to expressly extend the period of probation through its Nunc pro Tunc Entry.

{¶14} Former R.C. 2951.07 provided that, "if the probationer is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as the probationer is brought before the court for its further action." Since Cox' probationary period was tolled during his incarceration in Case No. 97 CR-0123, the trial court retained jurisdiction to reimpose the original sentence in Case No. 94 CR-0097. *State v. Baker*, 12th Dist. Butler No. CA2001-05-103, 2002-Ohio-3346, ¶ 10 ("[a]ppellant's probation period was automatically tolled as a result of his confinement in an institution for the commission of an offense"); *State v. Hardy*, 8th Dist. Cuyahoga No. 93677, 2010-Ohio-3419, ¶ 18 ("appellant's period of probation was tolled for the time he was in prison for the 1998 drug conviction[;] [a]s a result of that tolling, his five-year period of probation had not yet expired on September 19, 2002, and the trial court had jurisdiction to revoke his probation and impose the original sentence").

{¶15} As Sloan is entitled to judgment as a matter of law, the Motion for Summary Judgment is granted. It is the order of this court that the Petition for Writ of Habeas Corpus is denied.

DIANE V. GRENDELL , J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.

6