[Cite as *State ex rel. Patterson v. Sloan*, 2016-Ohio-2902.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>WILLIAM A. PATTERSON, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | **CASE NO. 2016-A-0018** |
| | : | |
| - vs - | : | |
| | : | |
| BRIGHAM SLOAN, WARDEN, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*William A. Patterson*, pro se, PID# A653-583, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM

{¶1} Pending before this court is a Petition for Writ of Habeas Corpus, filed by William A. Patterson, a prisoner in the custody of respondent, Brigham Sloan, Warden of Lake Erie Correctional Institution. Sloan filed a Motion to Dismiss, claiming he was entitled to judgment as a matter of law since Patterson's claims were not cognizable for habeas relief. For the following reasons, Patterson's Petition is dismissed.

{¶2} Patterson filed his Petition on March 1, 2016. According to the Petition, in 2003, Patterson was indicted by the Cuyahoga County Grand Jury for Robbery in two separate cases, CR-03-436958-ZA and CR-03-437813-ZA. Both indictments arose from an incident where he stole a victim's purse on March 24, 2003. On January 7, 2004, the court granted Patterson's request to consolidate bond for the two cases.

{¶3} On February 17, 2004, the court granted Patterson's Motion to Dismiss in CR-03-436958-ZA. The remaining case proceeded to trial and, following a mistrial and a second trial, Patterson was found guilty of Robbery as charged in the indictment. In 2014, following a lengthy period where he could not be located, Patterson was sentenced to a term of six years in prison. His conviction was affirmed by the Eighth District in *State v. Patterson*, 8th Dist. Cuyahoga No. 101415, 2015-Ohio-873.

{¶4} In the present matter, Patterson contends that "the trial [court] proceed[ed] with a jury trial after dismissing the case thus, violating The Double Jeopardy Clauses." He appears to argue that, since both cases arose from the same crime and had been consolidated for the purposes of bond, the dismissal of one case prohibited prosecution for the other.

{¶5} Sloan filed a Motion to Dismiss on April 6, 2016, raising several grounds for dismissal, including that there was an adequate remedy at law.

{¶6} "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. Habeas corpus is an available remedy only in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding

2

the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.*, appeal or postconviction relief." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995).

{¶7} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted [pursuant to Civ.R. 12(B)(6)], it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. All factual allegations contained in the complaint must be presumed true and the nonmoving party is entitled to the benefit of all reasonable inferences. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶8} "[D]ouble-jeopardy claims are not cognizable in habeas corpus." *Johnson v. Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d 676, ¶ 6. A defendant has "adequate remedies in the ordinary course of the law to raise" claims relating to double jeopardy. *Elersic v. Wilson*, 101 Ohio St.3d 417, 2004-Ohio-1501, 805 N.E.2d 1127, ¶ 3. Thus, Patterson cannot contest this issue through his present Petition. He could have done so through his direct appeal in *Patterson*, 2015-Ohio-873. We decline to address the merits of Patterson's double jeopardy claim.

{¶9} In his Reply, Patterson emphasizes that his Petition is also premised on the trial court's lack of subject matter jurisdiction. This is based on his belief that, since the two separate cases had been consolidated for the purposes of bond, dismissal of one case should have resulted in dismissal of the other.

{¶10} Where subject matter jurisdiction is in dispute, habeas corpus is "an appropriate remedy despite the availability of a direct appeal." *State ex rel. Cox v.*

3

*Sloan*, 11th Dist. Ashtabula No. 2015-A-0018, 2015-Ohio-3219, ¶ 9; *Rash v. Anderson*, 80 Ohio St.3d 349, 350, 686 N.E.2d 505 (1997) ("[w]hen a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal").

{¶11} Even presuming the facts alleged by Patterson are true, there is no support for a conclusion that the trial court lacked subject matter jurisdiction to convict him of Robbery in CR-03-437813-ZA. There is no legal support provided for a conclusion that the dismissal of a similar charge in a separate case deprives the court of subject matter jurisdiction in another case.

{¶12} "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. "A person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state." R.C. 2901.11(A)(1). Courts of common pleas have original jurisdiction in felony cases, invoked by a proper indictment. R.C. 2931.03; *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962).

{¶13} There is no question that Patterson was indicted for Robbery, providing the trial court with jurisdiction. To the extent that Patterson challenges the validity of the indictment under which he was ultimately convicted, this cannot be raised in habeas corpus proceedings. "[H]abeas corpus is not available to challenge either the validity or sufficiency of an indictment" since these issues can be raised in a direct appeal. *Smith v. Seidner*, 78 Ohio St.3d 172, 173, 677 N.E.2d 336 (1997). Further, the charge under this indictment and for which Patterson was convicted was not dismissed at any time.

4

The fact that the bonds were consolidated does not mean that dismissal of one case results in dismissal of the other and Patterson provides no legal justification for this assertion.

{¶14} Respondent's Motion, pursuant to Civ.R. 12(B)(6), is hereby granted. Petitioner's Petition for Writ of Habeas Corpus is dismissed.

DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.