[Cite as *Johnson v. Jenkins*, 2016-Ohio-7899.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Dwayne Johnson, #716-257, | : | |
| | : | |
| Petitioner, | : | Case No. 16CA3567 |
| | : | |
| v. | : | |
| | : | |
| Charlotte Jenkins, Warden, | : | |
| Chillicothe Correctional Institution, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Respondent. | : | **RELEASED: 11/18/16** |
| | : | |

_____

<u>APPEARANCES:</u>

Dwayne Johnson, Chillicothe Correctional Institute, Chillicothe, Ohio, Pro se.

Michael DeWine, Ohio Attorney General, and Maura O'Neill Jaite, Senior Assistant Attorney General, Columbus, Ohio, for Respondent.
_____

HOOVER, J.,

Dwayne Johnson filed a habeas corpus petition seeking his immediate release from the Chillicothe Correctional Institution. Respondent filed a motion to dismiss under Civ.R. 12(B)(6) arguing that Johnson's petition should be dismissed because he is not entitled to habeas corpus relief to challenge the calculation of jail-time credit.

Johnson filed a memorandum in opposition in which he concedes that he filed a motion for jail-time credit in the trial court, but he contends that the trial court failed to apply the total number of jail time credit and has failed to rule on his motion.

Because habeas corpus does not lie to challenge the calculation of jail-time credit, Respondent's motion to dismiss is **GRANTED**.

I.

Johnson filed a habeas corpus petition on August 24, 2016 in which he claims that in May 2015 he was convicted and sentence to 18 months in prison for having weapons while under disability in violation of R.C. 2923.13(A)(2).

Johnson contends that he was entitled to jail-time credit and that he filed a motion with the trial court seeking to have 106 days of jail-credit applied, but the trial court has failed to rule on his motion. He argues that when his jail-time credit is considered, his maximum sentence expired on August 4, 2016.

Respondent argues that the petition should be dismissed because habeas corpus does not lie to challenge the calculation of jail-time credit. Johnson has a remedy in the ordinary course of law by appeal or motion for jail-time credit.

II.

Habeas corpus petitions are governed by R.C. 2725. They are available to a person who is "unlawfully restrained of his liberty . . . to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. An individual may petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully. *State v. Wilburn,* 4th Dist. No. 98CA47, 1999 WL 1281507 (Dec. 22 1999); *Frazier v. Strickrath,* 42 Ohio App.3d 114, 115-116 (4th Dist. 1988).

"Habeas corpus does not lie to challenge the calculation of jail-time credit when the petitioner has an adequate remedy by appeal to raise the issue." *Johnson v. Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d 676, ¶ 6. A petitioner also has an adequate remedy to challenge a jail-time credit calculation by a motion for jail-

time credit. *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, 951 N.E.2d 755, ¶ 2.

Because Johnson has an adequate remedy by appeal or by a motion for jail-time credit, habeas corpus does not lie to challenge the jail-time credit.

III.

We **GRANT** Respondent's motion to dismiss and **DISMISS** this habeas corpus petition under Civ. R. 12(B)(6).

The clerk shall serve a copy of this order on all counsel of record at their last known addresses. The clerk shall serve petitioner by certified mail, return receipt requested.  If returned unserved, the clerk shall serve petitioner by ordinary mail.

**PETITION DISMISSED.  COSTS TO PETITIONER.  SO ORDERED.**

Abele, J. and McFarland, J.:  Concur.

FOR THE COURT

_____
Marie Hoover
Judge

**NOTICE**

**This document constitutes a final judgment entry and the time period for appeal commences from the date of filing with the clerk.**

**Pursuant to Civ.R. 58(B), the clerk is ORDERED to serve notice of the judgment and its date of entry upon the journal on all parties who are not in default for failure to appear. Within three (3) days after journalization of this entry, the clerk is required to serve notice of the judgment pursuant to Civ.R. 5(B), and shall note the service in the appearance docket.**