[Cite as *Lynch v. Bradley*, 2017-Ohio-1083.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| David S. Lynch, | : | |
| | : | |
| Petitioner, | : | Case No. 16CA24 |
| | : | |
| v. | : | |
| | : | |
| Charles Bradley, Warden | : | |
| Pickaway Correctional Institution, | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Respondent. | : | **RELEASED 3/15/2017** |
| | : | |

_____

APPEARANCES:

David S. Lynch, Orient, Ohio, Pro se.

Michael DeWine, Ohio Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, Columbus, Ohio, for Respondent.
_____

HARSHA, A.J.,

**{¶1}** David S. Lynch filed a habeas corpus petition seeking his immediate release from the Pickaway Correctional Institution. Respondent filed a motion to dismiss under Civ.R. 12(B)(6) arguing that Lynch's petition should be dismissed because he is not entitled to habeas corpus relief to challenge the calculation of jail-time credit. Lynch filed a memorandum in opposition, arguing that his maximum sentence expired in 2015 because 863 days of jail time credit was never properly "activated toward his 12-year aggregate prison term."

**{¶2}** Because habeas corpus does not lie to challenge the calculation of jail-time credit, we **GRANT** Respondent's motion to dismiss.

I.

{¶3}   In his habeas corpus petition Lynch alleges that in January 2006 he was convicted and sentence to an aggregate 12-year prison term for involuntary manslaughter and aggravated robbery. Lynch contends he was entitled to have 863 days of jail-time credit applied, but the trial court erroneously awarded him no jail-time credit.  Lynch argues that if the jail-time credit were properly applied, his maximum sentence would have expired in August 2015, not the state's calculated date of January 9, 2018. Thus, Lynch claims he is being unlawfully imprisoned by the respondent.

{¶4}   Lynch states that in 2014 he filed an unsuccessful motion to correct judgment entry of sentence in the trial court arguing that the 863 days of jail-time credit should have been applied to his sentence. The appellate court affirmed the trial court's denial on the ground that the rule of law Lynch relied upon to support his argument did not apply retroactively to him.  *See State v. Lynch*, 10th Dist. Nos. 15AP-123, 15AP-124, 15AP-125, 15AP-126, 2015-Ohio-3366, ¶11-12 (holding that Supreme Court of Ohio's decision in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, which requires a trial court to apply jail-time credit to all prison terms imposed, announced a new rule of law that is not applied retroactively to a conviction that has become final).

{¶5}   Lynch states that in 2015 he filed an unsuccessful mandamus action in the Tenth District Court of Appeals seeking to compel the trial judge to award 863 days of jail-time credit to his sentence.

{¶6}   Now Lynch seeks habeas corpus relief on the grounds that the 863 days

of jail-time credit has been "misapplied" and the respondent is unlawfully retaining him.

{¶7}    Respondent argues that we should dismiss the petition because habeas corpus does not lie to challenge the calculation of jail-time credit.  Lynch has a remedy in the ordinary course of law by appeal or motion for jail-time credit, which he has already unsuccessfully pursued. Respondent argues that Lynch is not entitled to immediate release from confinement because his maximum sentence does not expire until January 9, 2018.

II.

{¶8}    Habeas corpus petitions are governed by R.C. 2725.  They are available to a person who is "unlawfully restrained of his liberty . . . to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. An individual may petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully.  *State v. Wilburn,* 4th Dist. No. 98CA47, 1999 WL 1281507 (Dec. 22 1999); *Frazier v. Strickrath,* 42 Ohio App.3d 114, 115-116 (4th Dist. 1988).

{¶9}    "Habeas corpus does not lie to challenge the calculation of jail-time credit when the petitioner has an adequate remedy by appeal to raise the issue." *Johnson v. Jenkins,* 4th Dist. Ross No. 16CA3567, 2016-Ohio-7899, *1, quoting *Johnson v. Crutchfield,* 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d 676, ¶ 6. A petitioner also has an adequate remedy to challenge a jail-time credit calculation by a motion for jail-time credit. *State ex rel. Williams v. McGinty,* 129 Ohio St.3d 275, 2011-Ohio-2641, 951 N.E.2d 755, ¶ 2.

{¶10}  Because Lynch had an adequate remedy by appeal or by a motion for jail-

time credit, habeas corpus does not lie to challenge the jail-time credit calculation.

III.

{¶11} We **GRANT** Respondent's motion and **DISMISS** this habeas corpus petition under Civ. R. 12(B)(6).

{¶12} The clerk shall serve a copy of this order on all counsel of record at their last known addresses. The clerk shall serve petitioner by certified mail, return receipt requested. If returned unserved, the clerk shall serve petitioner by ordinary mail.

{¶13} **MOTION GRANTED. PETITION DISMISSED. COSTS TO PETITIONER. SO ORDERED.**

Abele, J. & Hoover, J.: Concur.

**FOR THE COURT**

_____
William H. Harsha
Administrative Judge

**NOTICE**

**This document constitutes a final judgment entry and the time period for appeal commences from the date of filing with the clerk.**

**Pursuant to Civ.R. 58(B), the clerk is ORDERED to serve notice of the judgment and its date of entry upon the journal on all parties who are not in default for failure to appear. Within three (3) days after journalization of this entry, the clerk is required to serve notice of the judgment pursuant to Civ.R. 5(B), and shall note the service in the appearance docket**