[Cite as *Johnson v. Ohio Bur. of Sentence Computation*, 2021-Ohio-491.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ronald G. Johnson,                                  :

    Plaintiff-Appellant,                        :

                                           No. 20AP-312

v.                                                  :     (C.P.C. No. 2019-986JD)

Ohio Bureau of Sentence Computation,                :          (ACCELERATED CALENDAR)

    Defendant-Appellee.                         :

---

D E C I S I O N

Rendered on February 23, 2021

---

**On brief:** *Ronald G. Johnson*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Gregory S. Young*, and *Samantha J. Scherger*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Ronald G. Johnson, appeals a judgment of the Court of Claims of Ohio that denied his motion for summary judgment and granted the cross-motion for summary judgment of defendant-appellee, Ohio Bureau of Sentence Computation. Because appellant's claims are barred by res judicata, we affirm.

{¶ 2} Appellant was sentenced in 1987 to an indefinite prison term of 7 to 25 years. He was granted parole in 1996. While on parole, he was convicted of new felonies in several Ohio counties. As a result, he was sentenced to an aggregate definite prison term of 12 years to be served consecutively to the previously imposed 7-to-25-year indefinite term.

{¶ 3} On September 24, 2019, appellant, acting pro se, filed a complaint in the Court of Claims, asserting that appellee erroneously determined that Ohio law required him

to serve the definite 12-year term before completing the remainder of his 7-to-25-year indefinite term. Appellant maintained that appellee did not properly "toll," or, as he averred, "stop from being served," the indefinite sentence in contravention of Ohio Adm.Code 5120-2-3.2(E).[1] Appellant claimed that the miscalculation of his sentence resulted in "unlawful duplicate terms" of imprisonment which lengthened his prison term and delayed his parole eligibility. Based upon his calculations, his maximum prison term expired in June 2018; thus, he was falsely imprisoned because he has been confined beyond his lawful term. Appellant further alleged that in a prior proceeding he filed in the Supreme Court of Ohio, *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792 ("*Moore*"), appellee, through counsel M. Scott Criss, committed intentional fraud by concealing the miscalculation of his prison sentence from the court. In addition, appellant alleged that appellee violated various constitutional provisions and criminal statutes in the miscalculation of his sentence.

---

[1] The applicable version of Ohio Adm.Code 5120-2-03.2 provides, in relevant part, as follows:

> (A) As used in this rule:
>
> (1) "Senate Bill 2 sentence" means a prison term imposed for offenses committed on or after July 1, 1996 but before September 30, 2011, to be served with the department of rehabilitation and correction.
>
> (2) "Pre-Senate Bill 2 sentence" means prison terms imposed for offenses committed before July 1, 1996, to be served with the department of rehabilitation and correction. "Pre-Senate Bill 2 sentence" includes both definite and indefinite sentences.
>
> (3) "Pre-Senate Bill 2 definite sentence" means definite prison terms imposed for offenses committed before July 1, 1996, to be served with the department of rehabilitation and correction.
>
> (4) "Pre-Senate Bill 2 indefinite sentence" means indefinite sentences imposed for offenses committed before July 1, 1996, to be served with the department of rehabilitation and correction.
>
> * * *
>
> (E) When a Senate Bill 2 sentence * * * is imposed to run consecutively to a pre-Senate Bill 2 indefinite sentence, any Senate Bill 2 sentence shall be served first, * * * and, lastly, the pre-Senate Bill 2 indefinite sentence shall be served.

{¶ 4}   Appellee subsequently filed a motion seeking dismissal of appellant's constitutional and criminal claims on jurisdictional grounds pursuant to Civ.R. 12(B)(1) and dismissal of appellant's fraud claim on statute of limitations grounds pursuant to Civ.R. 12(B)(6).   The Court of Claims granted the motion as to appellant's constitutional and criminal claims, but denied the motion as to the fraud claim, finding that the complaint on its face did not conclusively demonstrate that the fraud claim was time-barred.

{¶ 5}   Appellant filed a motion for summary judgment supported by his own affidavit and a multitude of exhibits.   In these materials, appellant essentially reasserted the false imprisonment and fraud claims raised in his complaint.

{¶ 6}   Appellee filed a cross-motion for summary judgment. Therein, appellee averred that the August 2024 expiration of his maximum prison term was properly calculated pursuant to Ohio Adm.Code 5120-2-03.2(E); accordingly, appellant was not falsely imprisoned because that term had not yet expired.   Appellee also asserted that the Supreme Court of Ohio had previously determined that appellant's sentence had been properly calculated.

{¶ 7}   Appellee further argued that appellant's fraud claim was barred by the two-year statute of limitations set forth in R.C. 2743.16(A).   Specifically, appellee asserted that a fraud claim arising from the *Moore* action would have accrued no later than May 16, 2017, the date upon which the Supreme Court issued its decision; accordingly, because appellant filed his complaint on September 24, 2019, four months after the statute of limitations expired, the fraud claim was time-barred.   In the alternative, appellee argued that any claim for fraud based upon representations made by counsel for appellee regarding the calculation of appellant's sentence was without merit because appellant's sentence was properly calculated.

{¶ 8}   Appellee supported its cross-motion for summary judgment with the affidavits of Carla Black, correction records sentence computation auditor/supervisor for appellee, and M. Scott Criss, assistant section chief of the criminal justice section of the Ohio Attorney General's Office.

{¶ 9}   In her affidavit, Black asserted that she personally reviewed the sentencing entries related to appellant's incarceration.  (Black Aff. at ¶ 4.)  Black attested to the specific sentencing entries referenced in appellant's summary judgment materials.  *Id.* at ¶ 5-13.

Black further averred that in calculating sentences, appellee follows the order of the sentencing courts, the Ohio Revised Code, the Ohio Administrative Code, and appellee's internal policies and procedures. *Id.* at ¶ 14. In order to ensure accurate sentencing calculation, each computer calculation of sentences is re-checked by hand; further, whenever a new sentencing entry for an inmate is received by appellee, the inmate's entire sentence is reviewed and recalculated by, at a minimum, by three separate members of appellee's staff. *Id.* at ¶ 15. Due to appellant's multiple inquiries and lawsuits, his complete sentence had been individually reviewed by seven senior auditors or executive management staff. *Id.* at ¶ 16.

{¶ 10} In his affidavit, Criss testified that he personally reviewed appellant's file and was familiar with the *Moore* action. (Criss Aff. at ¶ 3.) His involvement in that case was limited to filing a notice of appearance; he did not file a brief or argue the case before the Supreme Court, nor did he make any representations, false or otherwise, in that case. *Id.* at ¶ 4, 5, and 6. Criss further averred that the Supreme Court decided *Moore* on May 16, 2017. *Id.* at ¶ 7.

{¶ 11} In a judgment entered May 18, 2020, the Court of Claims denied appellant's motion for summary judgment and granted appellee's cross-motion for summary judgment. As to the false imprisonment claim, the court determined that appellant was incarcerated pursuant to facially valid sentencing orders imposing both indefinite and definite terms of imprisonment and that appellant did not contest the validity of those sentencing entries. The court further determined that Ohio Adm.Code 5120-2-03.2(E) requires that appellant must serve his 12-year definite prison term before he completes the 7-to-25-year indefinite prison term; accordingly, "to calculate appellant's maximum release date, the indefinite term and the definite term are added together, producing the maximum release date." (May 18, 2020 Decision at 9.) The court cited *Jones v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-138, 2016-Ohio-5425, ¶ 16, for this proposition, stating that *Jones* "[found] that defendant properly calculated an inmate's maximum release date by adding his indefinite term to his definite term, which is consistent with the requirement that the inmate serve the definite term prior to serving the indefinite term." (Decision at 9.) The court further observed that in two previous decisions, *Moore* and *State ex rel. Johnson v. Bur. of Sentence Computation*, 159 Ohio St.3d 552, 2020-Ohio-999 ("*BSC*"),

the Supreme Court of Ohio concluded that appellant's sentence had been properly calculated and that his maximum prison term will not expire until 2024.

{¶ 12} The Court of Claims further concluded that appellant's fraud claim was barred by the two-year statute of limitations set forth in R.C. 2743.16(A). Specifically, the court determined that the fraud claim accrued on May 16, 2017, the date *Moore* was decided. At that point, appellant either discovered or should have discovered the alleged fraud through the exercise of reasonable diligence. Accordingly, because appellant did not assert his fraud claim until September 24, 2019, four months after expiration of the statute of limitations, it was time-barred. The court further found that even if the fraud claim was not time-barred, it was without merit because appellee had properly calculated appellant's sentence.

{¶ 13} Appellant timely appeals, setting forth five assignments of error for our review:

> [I.] PLAIN ERROR: Court finds O.A.C. 5120-2-03.2(E) legally authorizes OBSC to "ADD" indefinite term & definite term to produce the maximum release date deviating from law.
>
> [II.] PLAIN ERROR: Court deviated from case law of Jones v. ODRC 2016-Ohio-5425 p. 16, concluding cited case authorizes OBSC to "add" indefinite term to definite term to produce the maximum release date.
>
> [III.] PLAIN ERROR: Court adjudicated raised claim of FALSE IMPRISONMENT after EST date of 6/14/2018 without any FACTUAL FINDINGS for Expiration of Stated Term date. Resulting in prejudice error. Complaint cited both EST date and EMT dates.
>
> [IV.] PLAIN ERROR: Court failed to take Judicial Notice of attached Affidavits of Ronald G. Johnson that incorporate OBSC material documents within that conclude EST date & EMT date calculations. Resulting in prejudice error.
>
> [V.] AGAINST MANIFEST WEIGHT OF THE EVIDENCE: Resulting in biased & prejudice DECISION & ENTRY on 5/18/2020. Must be vacated.

{¶ 14} Appellant's assignments of error are interrelated, so we will address them together. Appellant contends, for various reasons, that the Court of Claims erred in

granting appellee's cross-motion for summary judgment on his false imprisonment claim.[2] Specifically, appellant challenges the court's conclusion that appellee properly calculated his prison sentence, thereby negating his claim of false imprisonment.

{¶ 15} As noted by appellee in its cross-motion for summary judgment and by the Court of Claims in its judgment, the Supreme Court of Ohio has previously concluded that appellant's sentence was properly calculated, and his maximum prison term will not expire until 2024. *Moore; BSC*. These cases establish that issues regarding the alleged miscalculation of appellant's sentence are barred by res judicata.

{¶ 16} In *BSC,* appellant filed a petition for a writ of habeas corpus and a complaint for mandamus naming appellee as the respondent. He alleged that appellee "is illegally running portions of his definite sentences consecutively to his original indefinite sentence, causing him to serve two of the definite terms twice and thereby extending his prison sentence to August 2024 when he should have been released in June 2018." *Id.* at ¶ 3. The Supreme Court of Ohio initially observed that "[t]he doctrine of res judicata provides that a ' "final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." ' " *Id.* at ¶ 8, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995), quoting *Norwood v. McDonald*, 142 Ohio St. 299 (1943), paragraph one of the syllabus.

{¶ 17} The court set forth a detailed review of the trial court, intermediate appellate court, and Supreme Court of Ohio cases in which appellant had asserted the same legal theory regarding the computation of his sentence. *Id.* at ¶ 9-17. The court particularly noted that it had previously ruled on the merits of appellant's claims in at least two prior actions, *Moore* and *Johnson v. Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, as had numerous intermediate appellate courts. *Id.* at ¶ 19. The court concluded that appellant's claim against appellee was barred by res judicata, noting that "[t]he element of privity is satisfied because [Department of Rehabilitation and Correction], of which BSC is a division,

---

[2] Appellant does not challenge the Court of Claims' grant of summary judgment for appellee on his fraud claim.

is in privity with its prison wardens, who were the respondents in *Moore* and *Crutchfield*." *BSC* at ¶ 19.[3]

{¶ 18} In the present case, appellant has challenged the calculation of his sentence based upon the same legal theory raised in *BSC* and the cases cited therein. The Supreme Court of Ohio concluded that appellant's claim was barred by res judicata. Appellee was the respondent in *BSC* and is the defendant here. Pursuant to *BSC*, appellant's challenge to the calculation of his sentence is barred by res judicata. " 'As a court inferior to the Supreme Court of Ohio, we are bound by and must follow the decisions of that court.' " *Hal v. Dept. of Edn.*, 10th Dist. No. 18AP-301, 2019-Ohio-5081, ¶ 47, quoting *State ex rel. Abrusci v. Indus. Comm.*, 10th Dist. No. 08AP-756, 2009-Ohio-4381, ¶ 5.

{¶ 19} For this reason, we overrule appellant's assignments of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____

[3] The Supreme Court of Ohio also declared appellant a vexatious litigator pursuant to S.Ct.Prac.R. 4.03. *Id.* at ¶ 20-24.