[Cite as *State v. Johnson*, 2014-Ohio-3027.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   13CA988 |
| vs. | : | |
| RONALD JOHNSON, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

APPELLANT PRO SE:       Ronald G. Johnson #A518-770, Warren Correctional Institution,
                        P.O. Box 120, Lebanon, Ohio 45036

COUNSEL FOR APPELLEE:       C. David Kelley, Adams County Prosecuting Attorney, and
                            Michele L. Harris, Adams County Assistant Prosecuting
                            Attorney, 110 West Main Street, Room 112, West Union,
                            Ohio 45693

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:6-26-14
ABELE, P.J.

{¶ 1}   This is an appeal from an Adams County Common Pleas Court judgment that

denied a motion by Ronald G. Johnson, defendant below and appellant, to "modify" his sentence

"as being fully served."   This Court assigns the following error on appellant's behalf:[1]

---

[1]Appellant neglects to set forth any assignments of error in his brief, as App.R. 16(A)(3) requires.     Thus, there is nothing for us to rule upon for purposes of App.R. 12(A)(1)(b).     We would be well within our authority to summarily affirm the trial court's opinion without considering the merits of this appeal.     Nevertheless, in the interests of justice, we will consider the issues appellant raises in this appeal.

"THE TRIAL COURT ERRED IN OVERRULING
APPELLANT'S MOTION TO MODIFY THE SENTENCE AS
BEING FULLY SERVED."

{¶ 2}   A March 10, 2006 Bill of Information charged appellant with burglary, in violation of R.C. 2911.12(A)(3).   Appellant ultimately filed a waiver of indictment to that charge and pled guilty.   On June 15, 2006, the trial court sentenced him to serve a three year term of incarceration, with the term to be served consecutively to an eight year term of incarceration appellant was serving from Fayette County.   No appeal was taken from that judgment.

{¶ 3}   On July 15, 2011, appellant filed a motion for "Correction of Jail-Time Credit" and argued that he should be credited with "340 days" jail time credit on his sentence. Appellant filed nothing in support of that motion, except a handwritten explanation wherein he detailed why he believed he is entitled to the credit.   On August 8, 2011, the trial court denied the motion and opined that appellant is entitled to thirteen (13) days credit on his sentence. Appellant filed a notice of appeal from that judgment, but we dismissed it for failure to perfect the appeal.   See *State v. Johnson*, Adams App. No. 11CA922 (*Johnson I*).

{¶ 4}   On October 22, 2012, appellant filed a motion for a "declaratory judgment" that asked for, among other things, the trial court to   "apply the time spent in confinement and awaiting trial to" his sentence in this case.   Although the terms of this motion are somewhat vague, a supplemental memorandum explained that appellant thought himself entitled to jail credit of "341-days[.]"   The State filed a memorandum contra and, on December 13, 2012, the trial court overruled appellant's motion.   No appeal was taken from that judgment.

{¶ 5}   On May 24, 2013, appellant filed a motion "to modify [his] sentence as being

fully served." The trial court, on December 18, 2013, once again denied appellant's motion. Without acknowledging its previous holding that is the basis for *Johnson I*, the court opined that this was the "second time" appellant filed a petition for release, but "ha[d] not presented any additional documentation and [was] once again asserting the exact same argument that [the trial court had] previously decided." Thus, the court overruled his motion. This appeal followed.

{¶ 6} Appellant argues in his "assignment of error" that the trial court erred by not granting his latest motion for release, or at least in affording him additional credit for jail time. We disagree for several reasons.

{¶ 7} First, the issue of previous jail-time credit is one that could have been raised in a first appeal of right from appellant's original conviction. It was not. It was, however, raised in *Johnson I* and in other subsequent proceedings in the trial court. The trial court's decisions in those post-judgment cases could have been appealed to this Court. They were not. Thus, the doctrine of res judicata bars these issues from being asserted at this late date. *State v. Pemberton*, 4th Dist. Gallia No. 13CA8, 2014-Ohio-1204, at ¶13; *State v. Keeley*, 4th Dist. Washington No. 13CA34, 2014-Ohio-693, at ¶12.

{¶ 8} Second, the Ohio Supreme Court has treated motions to reduce jail time as motions for postconviction relief if they, inter alia, claim violation of a constitutional right. See *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Assuming that we so treat appellant's motion here in the case sub judice, the Ohio Supreme Court has held that issues cannot be raised in an R.C. 2953.21 proceeding if they could have been raised on direct appeal. *Reynolds*, supra, at 161.

{¶ 9} Finally, in any appeal an appellant has the burden to demonstrate error arising

from the trial court proceedings. See e.g. *State v. Stober*, 3rd Dist. Putnam No. 12–13–09, 2014-Ohio-1568, at ¶96; *State v. Warren*, 4th Dist. Ross No. 12CA3324, 2013-Ohio-3542, at ¶39.

Here, on three occasions appellant has attempted to show that he is entitled to additional jail time credit: (1) the first is *Johnson I* that we dismissed for failure to perfect an appeal; (2) the second is the 2012 motion for declaratory judgment; and (3) the third is the May 2013 motion to modify sentence – the case now on appeal to this Court. On all three occasions, appellant failed to attach any records or proceedings from the trial court to show arguable merit to his argument. Thus, we find nothing to show that appellant is entitled to relief.

{¶ 10} For all these reasons, we hereby overrule appellant's "assignment of error" and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.