[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Madison Cty. Court of Common Pleas,* Slip Opinion No. 2017-Ohio-2805.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2805

JOHNSON, APPELLANT, *v.* MADISON COUNTY COURT OF COMMON PLEAS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Madison Cty. Court of Common Pleas,* Slip Opinion No. 2017-Ohio-2805.]**

*False imprisonment—R.C. 2743.02 and 2743.03—If appellant's claim for false imprisonment has merit, state agency calculating terms of his confinement is liable, not common pleas court, and claims against state for monetary damages must be filed in Court of Claims—Court of appeals' dismissal of appellant's action affirmed.*

(No. 2016-1187—Submitted February 28, 2017—Decided May 17, 2017.)

APPEAL from the Court of Appeals for Madison County, No. CA2016-03-013.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Twelfth District Court of Appeals dismissing the original action filed by appellant, Ronald G. Johnson, seeking monetary damages for false imprisonment.

**{¶ 2}** Johnson is currently imprisoned in the Lebanon Correctional Institution, where he is serving sentences imposed for his convictions for a variety of offenses. According to documentation prepared by the Bureau of Sentence Computation in the Ohio Department of Rehabilitation and Correction ("DRC"), the date of the expiration of his maximum aggregate sentence is August 21, 2024.

**{¶ 3}** On March 16, 2016, Johnson filed an original action in the court of appeals seeking monetary damages from appellee, the Madison County Court of Common Pleas. He argues that pursuant to DRC's sentence computation, he is being required to serve one of his sentences for a second time. Therefore, he contends that he is entitled to $20,165 as damages for false imprisonment under R.C. 2743.02(A)(1).

**{¶ 4}** The common pleas court filed a motion to dismiss. The court of appeals granted the motion, holding that the relief Johnson seeks cannot be obtained in the court of appeals. Johnson now appeals that dismissal.

**{¶ 5}** "Pursuant to R.C. 2743.02(A)(1), the state may be liable for the false imprisonment of its prisoners in situations where the state intentionally continues to confine a prisoner despite knowledge [that] the privilege justifying that confinement no longer exists." *Letso v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2002-03759-AD, 2002-Ohio-4835, ¶ 7.

**{¶ 6}** Johnson contends that as a result of DRC's sentence computation, he is serving for a second time one of the sentences imposed on him by the Madison County Court of Common Pleas. In bringing this claim, however, Johnson has sued the wrong party. Although the common pleas court imposed the sentence at issue, it is DRC that continues to imprison Johnson and that has calculated his release date. Therefore, the state of Ohio, not the common pleas court, is the party that should have been named in this action. *See Bennett v. Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 108, 573 N.E.2d 633 (1991) (Court of Claims dismissed four state

2

officials as defendants named in false-imprisonment action and substituted DRC as party defendant).

{¶ 7} If Johnson has a colorable claim for false imprisonment, it is against the state agency calculating the terms of his confinement and actually confining him. And claims against the state for monetary damages must be filed in the Court of Claims. R.C. 2743.03(A)(1).

{¶ 8} Because the focus of Johnson's claim is a demand for monetary damages from the state, the court of appeals properly dismissed Johnson's false-imprisonment action.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Ronald G. Johnson, pro se.

_____