[Cite as *State v. Johnson*, 2019-Ohio-445.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2018-07-021 |
| - vs - | : | <u>JUDGMENT ENTRY</u><br>(Accelerated Calendar) |
| RONALD G. JOHNSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. 2007CR-02-018

{¶ 1}   This cause is an accelerated appeal arising out of the Madison County Court of Common Pleas.[1]  In 2007, appellant, Ronald G. Johnson, was sentenced to a two-year prison term in Madison County Court of Common Pleas Case No. 2007CR-02-018 and a two-year prison term in Madison County Court of Common Pleas Case No. 2007CR-03-038.   The sentences were ordered to be served consecutively to one another as well as consecutively to a seven- to 25-year indefinite prison sentence previously imposed on appellant in Montgomery County.  Appellant did not directly appeal his Madison County convictions or sentences.  Starting in 2012, appellant began filing multiple motions seeking a "recalculation" of his sentence, arguing that the sentences imposed in his Madison County cases should have been added to the end of

---

1. Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.

the minimum portion of the indefinite sentence imposed in the Montgomery County case, rather than added at the maximum end. Appellant's motions were denied by the trial court in 2012, 2013, and 2015. On July 2, 2018, appellant filed a Motion to Vacate Judgment on Consecutive Term Served, once again seeking to challenge his sentence. The trial court denied appellant's petition, finding the arguments barred by the doctrine of res judicata.

{¶ 2} Appellant's sole assignment of error challenging the denial of his motion to vacate judgment is overruled on the basis of *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 18-19. The trial court properly determined appellant's arguments are barred under the doctrine of res judicata, as such arguments were previously raised and addressed in prior decisions. Furthermore, to the extent appellant argues he is entitled to postconviction relief under R.C. 2953.21 and 2953.23, we find his arguments to be without merit as his petition is untimely and his arguments relate only to sentencing issues rather than addressing issues relating to guilt. As this court has previously recognized, "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except for those occurring within the capital punishment context." *State v. Keith*, 12th Dist. Butler No. CA2013-07-131, 2014-Ohio-169, ¶ 17; *State v. Moore*, 12th Dist. Clermont No. CA2005-07-071, 2006-Ohio-1897, ¶ 13. Appellant's sole assignment of error is, therefore overruled.

{¶ 3} Judgment affirmed.

{¶ 4} Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

{¶ 5} Costs to be taxed in compliance with App.R. 24.

_____
Robert A. Hendrickson, Presiding Judge


_____
Stephen W. Powell, Judge


_____
Robert P. Ringland, Judge