[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Bur. of Sentence Computation*, Slip Opinion No. 2020-Ohio-999.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-999

THE STATE EX REL. JOHNSON, APPELLANT, *v.* BUREAU OF SENTENCE COMPUTATION, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Bur. of Sentence Computation*, Slip Opinion No. 2020-Ohio-999.]**

*Mandamus—Res judicata—Appellant's claim against the Bureau of Sentence Computation, a division of the Department of Rehabilitation and Correction, barred in light of previous rulings on the same claim in cases between appellant and parties in privity with the Department of Rehabilitation and Correction—Court of appeals' judgment affirmed— Appellant declared a vexatious litigator.*

(No. 2018-1630—Submitted April 23, 2019—Decided March 19, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-351, 2018-Ohio-4338.

_____

**Per Curiam.**

{¶ 1} Appellant, Ronald G. Johnson, appeals the decision of the Tenth District Court of Appeals dismissing his petition for a writ of habeas corpus and denying his complaint for a writ of mandamus. We affirm, and we also declare Johnson a vexatious litigator.

## Background

{¶ 2} In February 1987, Johnson was sentenced to an indefinite prison term of 7-to-25 years after he was convicted of voluntary manslaughter with a firearm specification in Montgomery County. *State v. Johnson*, Montgomery C.P. case No. 86-CR-2584. While released on parole, he was convicted of new offenses in Fayette, Adams, Madison, Highland, and Montgomery counties and received multiple definite prison sentences.

{¶ 3} On May 18, 2018, Johnson filed a pleading in the Tenth District Court of Appeals captioned "Motion to Vacate Judgments/Motion for Habeas Corpus," naming appellee, Bureau of Sentence Computation ("BSC"), as respondent. He alleges that BSC is illegally running portions of his definite sentences consecutively to his original indefinite sentence, causing him to serve two of the definite terms twice and thereby extending his prison sentence to August 2024 when he should have been released in June 2018.

{¶ 4} BSC filed a motion to dismiss for lack of jurisdiction because habeas corpus will lie only in the county where the petitioner is being held, R.C. 2725.03, and Johnson is incarcerated at the Northeast Correctional Facility, in Mahoning County. The motion also noted that the proper respondent to Johnson's habeas corpus petition was the warden of the Northeast Correctional Center, not BSC. In response, Johnson filed a motion to amend his complaint to remove the habeas corpus claim, leaving only the motion to vacate the judgments.

{¶ 5} The magistrate agreed that the Tenth District lacked jurisdiction to consider the habeas corpus complaint. Treating Johnson's motion as a request for

mandamus relief, and citing our decision in *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, she concluded that the court of appeals lacked jurisdiction over his claim against BSC for miscalculating his sentence and that his claim was barred by res judicata, and therefore she recommended dismissal of the case. 2018-Ohio-4338, ¶ 19-21. In a separate entry, she denied the motion to amend.

{¶ 6} Johnson filed objections to the magistrate's recommendation, in which he largely reargued the merits of his sentencing argument. On October 25, 2018, the court of appeals adopted the magistrate's recommendation, dismissed the habeas corpus portion of the complaint, and denied the writ of mandamus. *Id.* at ¶ 5-7.

{¶ 7} On November 14, 2018, Johnson filed a notice of appeal in this court. In its merit brief, BSC asks us to declare Johnson a vexatious litigator, pursuant to S.Ct.Prac.R. 4.03.

**Analysis**

{¶ 8} The doctrine of res judicata provides that a " 'final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.' " (Ellipsis in *Grava*.) *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995), quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus. Johnson raises one argument in this appeal, and it is an argument he has unsuccessfully litigated more than once.

*Johnson's other cases*

{¶ 9} On September 24, 2012, Johnson filed a complaint in the Franklin County Court of Common Pleas against the Department of Rehabilitation and Correction ("DRC"), seeking a writ of mandamus to compel the correction of his sentences. He alleged that DRC was illegally running his definite sentences

consecutively to his original indefinite sentence, causing him to serve the definite terms twice. On January 10, 2013, that court dismissed the complaint. *Johnson v. Dept. of Rehab. & Corr.*, Franklin C.P. No. 12 CV 11978, 2013 Ohio Misc. LEXIS 10982 (Jan. 10, 2013).

{¶ 10} Two months later, on March 1, 2013, Johnson filed a petition in the Twelfth District Court of Appeals for a writ of habeas corpus, again disputing whether his definite sentences should run consecutively to his indefinite sentence. He also alleged that he was entitled to immediate release based on jail-time credit that he claimed he was owed. The court of appeals granted the respondent's motion to dismiss, *Johnson v. Crutchfield*, 12th Dist. Warren No. CA2013-03-019 (July 31, 2013), and we affirmed, *Johnson v. Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d 676, ¶ 7 ("Johnson has received a number of different consecutive sentences that cannot be encompassed within the sentence that he had received earlier in Montgomery County").

{¶ 11} In December 2015, Johnson filed an original action for a writ of mandamus in this court, again challenging the decision to run his definite sentences consecutively to his indefinite sentence. We sua sponte dismissed the complaint. *Johnson v. Dept. of Rehab. & Corr.*, 145 Ohio St.3d 1419, 2016-Ohio-1173, 47 N.E.3d 164.

{¶ 12} In January 2016, Johnson filed a complaint in this court for a writ of procedendo to compel the Montgomery County Common Pleas Court to issue a judgment entry vacating his indefinite prison term as "fully served" in order to remove the "double terms" his complaint alleged he was being forced to serve. *See Johnson v. State*, 145 Ohio St.3d 1440, 2016-Ohio-1596, 48 N.E.3d 580. We again dismissed the complaint. *Id.* Also in January 2016, based on the same legal theory, he filed a complaint in the Tenth District Court of Appeals for a writ of mandamus ordering the DRC to "correct his sentence." *State ex rel. Johnson v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-69, 2016-Ohio-5424, ¶ 1. The court of

appeals dismissed the complaint for failure to file an affidavit of prior civil actions, as required by R.C. 2969.25(A). *Id*. at ¶ 4, 21.

{¶ 13} In February 2016, Johnson filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals, based on the same challenge to the length of his sentences. The court of appeals dismissed the petition based on res judicata. *Johnson v. Moore*, 12th Dist. Warren No. CA2016-02-011 (Apr. 14, 2016).[1] We affirmed, but not based on res judicata. *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, ¶ 6 ("Res judicata is not among the defenses that may be raised in a Civ.R. 12(B) motion to dismiss"). Rather, we held that "Johnson's petition was properly dismissed because it fails to state a claim," once again determining that BSC correctly calculated Johnson's sentence and that he was therefore not entitled to immediate release. *Id*. at ¶ 7.

{¶ 14} In March 2016, Johnson filed an original action in the Twelfth District Court of Appeals against the Madison County Court of Common Pleas for monetary damages, alleging false imprisonment because he was being held to serve the same sentences twice. The court of appeals dismissed, *Johnson v. Madison Cty. Court of Common Pleas*, 12th Dist. Madison No. CA2016-03-013 (July 8, 2016), and we affirmed, *Johnson v. Madison Cty. Court of Common Pleas*, 149 Ohio St.3d 730, 2017-Ohio-2805, 77 N.E.3d 978, ¶ 8.

{¶ 15} In April 2016, Johnson filed a petition in this court for a writ of habeas corpus, based on the same claim regarding his sentences. He also requested, among other things, an "alternative writ of mandamus" to compel a recalculation of his maximum-sentence release date based on another jail-time-credit claim.[2] We

---

1. According to the court of appeals, Johnson had "filed virtually the same habeas corpus petition in the Warren County Court of Common Pleas on December 3, 2015," which the common pleas court had dismissed roughly seven weeks later. *Id*. at 1.

2. Johnson has unsuccessfully litigated similar jail-time-credit claims in at least three other lawsuits. *See State v. Johnson*, 4th Dist. Highland No. 16CA26, 2017-Ohio-4213, ¶ 10, 22; *State v. Johnson*, 4th Dist. Adams No. 13CA988, 2014-Ohio-3027, ¶ 6; *Johnson v. Dept. of Rehab. & Corr.*, Franklin C.P. No. 12 CV 10531, 2012 Ohio Misc. LEXIS 17837 (Oct. 25, 2012).

dismissed the complaint. *Johnson v. Mohr*, 146 Ohio St.3d 1466, 2016-Ohio-5108, 54 N.E.3d 1266.

{¶ 16} In July 2018, Johnson filed a motion in the Madison County Court of Common Pleas to vacate his Madison County sentences, again on the theory that they could not be imposed consecutively to his original 7-to-25-year sentence from Montgomery County. In affirming the denial of his motion, the court of appeals noted that Johnson had unsuccessfully filed the same motion in Madison County in 2012, 2013, and 2015. *State v. Johnson*, 12th Dist. Madison No. CA2018-07-021, 2019-Ohio-445, ¶ 1.

{¶ 17} On February 13, 2019, we dismissed four separate original actions filed by Johnson, all asserting the same legal theory regarding the computation of his sentences. *Johnson v. Bur. of Sentence Computation*, 154 Ohio St.3d 1506, 2019-Ohio-470, 116 N.E.3d 1286 (mandamus); *Johnson v. Singer*, 154 Ohio St.3d 1506, 2019-Ohio-470, 116 N.E.3d 1286 (mandamus); *Johnson v. LaRose*, 154 Ohio St.3d 1507, 2019-Ohio-470, 116 N.E.3d 1287 (habeas corpus); *Johnson v. LaRose*, 154 Ohio St.3d 1507, 2019-Ohio-470, 116 N.E.3d 1286 (habeas corpus). A fifth complaint for a writ of mandamus, seeking records from BSC in support of his case, was dismissed on December 18, 2018. *Johnson v. Bur. of Sentence Computation*, 154 Ohio St.3d 1448, 2018-Ohio-5081, 113 N.E.3d 555.

*Res judicata and privity*

{¶ 18} Here, rather than respond to the res judicata issue, Johnson devotes his appellate brief to arguing the merits of his mandamus claim. He also objects to the magistrate's decision denying his motion for leave to amend. But the proposed amended complaint, which merely deleted the defective habeas claim, would not have cured the res judicata problem.

{¶ 19} As noted above, we have previously ruled on the merits of these claims in at least two prior actions, *Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, and *Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d

676, as have numerous intermediate appellate courts. The element of privity is satisfied because DRC, of which BSC is a division, is in privity with its prison wardens, who were the respondents in *Moore* and *Crutchfield*. *See Stroud v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 03AP-139, 2004-Ohio-580, ¶ 22-23. We therefore affirm the judgment of the court of appeals.

*BSC request that Johnson be declared a vexatious litigator*

{¶ 20} In its brief to this court, BSC asks that Johnson be declared a vexatious litigator. Under S.Ct.Prac.R. 4.03(A), we may sanction a person who signs "an appeal or other action [that] is frivolous or is prosecuted for delay, harassment, or any other improper purpose." And S.Ct.Prac.R. 4.03(B) provides that if a party "habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A)," then we may declare such person a vexatious litigator and "impose filing restrictions on the party." Given Johnson's extensive history of repetitious filings, in which he has reasserted arguments that we have already rejected, coupled with his extensive history of fruitless and duplicative original actions, Johnson is the quintessential example of a vexatious litigator.

{¶ 21} As shown above, Johnson has filed 22 original actions in this court alone since the beginning of 2013; 7 of those original actions have been filed in just the past 18 months. We dismissed every one of those cases. *See* Supreme Court case Nos. 2013-0785, 2015-2002, 2016-0135, 2016-0136, 2016-0193, 2016-0196, 2016-0528, 2016-0589, 2016-0602, 2016-0653, 2016-0733, 2016-0734, 2016-0737, 2016-0738, 2016-0740, 2018-1449, 2018-1695, 2018-1716, 2018-1808, 2018-1846, 2019-0832, 2019-0833. But our assessment of a litigant's vexatiousness is not based solely on the number of cases he has filed, but also upon the repetitive arguments raised. And in Johnson's cases, almost all his arguments are directly on the same issue.

{¶ 22} There is a cost, internal to Ohio's court system but also external to the state as a whole when the legal process is abused in a manner similar to

Johnson's repeated filings. We must take into account the number of hours spent within the court system by the justices, law clerks, filing clerks, and other court personnel, as well as county prosecutors and their employees, that must handle and respond to all these lawsuits and motions.

{¶ 23} Moreover, vexatious litigation takes time away from prompt handling of other meritorious cases, which is neither fair nor just to other litigants in Ohio's court system. Ohio litigants are specifically and unequivocally entitled under our state constitution to justice *without delay*. Ohio Constitution, Article I, Section 16 ("All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay"). We owe a duty to the citizens of Ohio to supervise properly and fairly the courts of the state for the benefit of *all* its citizens, not just the most prolific filers such as Johnson. *See* Ohio Constitution, Article IV, Section 5. Today, that duty compels us to put an end to Johnson's frivolous, repeated litigation by declaring him a vexatious litigator in accordance with S.Ct.Prac.R. 4.03.

{¶ 24} Pursuant to this designation, Johnson is hereby prohibited from instituting or continuing legal proceedings in this court on a pro se basis unless he first seeks and obtains leave of court to do so. *See* S.Ct.Prac.R. 4.03(B).

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in part and dissents in part and would not declare appellant to be a vexatious litigator.

———————

Ronald G. Johnson, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Principal Assistant Attorney General, for appellee.

January Term, 2020

_____