[Cite as *Johnson v. Ohio Bur. of Sentence Computation*, 2020-Ohio-3486.]

| | |
|---|---|
| RONALD G. JOHNSON | Case No. 2019-00986JD |
| Plaintiff | Judge Patrick M. McGrath |
| v. | Magistrate Gary Peterson |
| OHIO BUREAU OF SENTENCE COMPUTATION | <u>DECISION</u> |
| Defendant | |

{¶1} On January 31, 2020, plaintiff filed a motion for summary judgment pursuant to Civ.R. 56(A).[1]  On March 20, 2020, defendant filed a cross-motion for summary judgment pursuant to Civ.R. 56(B).[2]  On March 30, 2020, plaintiff filed a document labeled "Plaintiff's objection & opposition to defendant's cross-motion for summary judgment Civ.R. 56(C)" wherein he requests that defendant's motion be denied, and judgment be entered in his favor.  On April 7, 2020, defendant filed a reply.[3]  For the

---

[1]On February 12, 2020, plaintiff filed a document captioned in part "motion for summary judgment hearing * * *; motion for judgment on single claim of wrongful imprisonment * * *."  On March 19, 2020, plaintiff filed a document captioned "motion for immediate entry on summary judgment * * *."  On March 27, 2020, plaintiff filed a document captioned "motion for immediate judgment on pleadings & summary judgment."  It is unclear whether these documents are also motions for summary judgment; nevertheless, the documents raise no new issues apart from the January 31, 2020 motion for summary judgment.

[2]On March 27, 2020, plaintiff filed a motion to strike defendant's cross-motion for summary judgment, wherein plaintiff argues that defendant was barred from filing such a motion.  However, defendant had leave to file a cross-motion for summary judgment.  Plaintiff's motion lacks merit and is DENIED.

[3]Although the Supreme Court of Ohio issued an entry tolling the time requirements established by all Supreme Court-promulgated rules in light of the COVID-19 outbreak, "[n]othing in this order precludes filings during the duration of the order * * *."  *See 03/27/2020 Administrative Actions*, 2020-Ohio-1166.  Given that the Supreme Court's tolling order does not preclude a court from accepting filings during the duration of the order, the court finds that the motions for summary judgment are properly before the court and are fully briefed.

reasons stated below, the court grants defendant's cross-motion for summary judgment and denies plaintiff's motion for summary judgment.[4]

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

---

[4]On March 2, 2020 and March 13, 2020, plaintiff filed motions for judgment on the pleadings. However, defendant timely filed an answer wherein it denied the allegations of the complaint. Accordingly, judgment on the pleadings is not appropriate, and plaintiff's motions are DENIED.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Procedural History**

{¶4} Plaintiff filed his complaint on September 24, 2019, requesting $10,000 in damages. In accordance with R.C. 2743.10, plaintiff's complaint was placed on the Administrative Docket. On October 16, 2019, plaintiff filed a motion to increase the prayer amount wherein he states that his damages exceed $10,000. On October 22, 2019, plaintiff's motion was granted, and the deputy clerk transferred the case to the judicial docket for a determination by a judge of the Court of Claims pursuant to R.C. 2743.03.

**Factual Background**

{¶5} According to the verified complaint, plaintiff, an inmate at the Northeast Ohio Correctional Center, alleges that defendant falsely imprisoned him by imposing "unauthorized duplicate terms" to his prison sentence. According to the verified complaint and exhibits attached thereto, plaintiff was admitted to prison in 1987 and was ordered to serve an indefinite sentence of 7 to 25 years. Plaintiff was granted parole for this sentence in 1996.

{¶6} While on parole, plaintiff committed several new felonies. As a result, plaintiff received new sentences resulting in an aggregate 12-year definite term. It appears plaintiff believes that his 12-year definite prison term was added to his original

indefinite prison term, which he asserts incorrectly resulted in him serving "duplicate terms." Specifically, plaintiff states:

> The Ohio Administrative Code 5120-2-3.2(E) is the ONLY LEGAL BASIS to impose the SB-2 definite terms "CONSECUTIVELY" to the pre-SB-2 7 to 25 year indefinite term. The Ohio law states: the SB-2 terms SHALL BE SERVED FIRST, and the pre-SB-2 indefinite term is "TOLLED" (stopped from being served) while the SB-2 terms are served. Followed by the remaining pre-SB-2 term being served. This is the determined relevant legal procedure for the 12-years of aggregate SB-2 terms and the pre-SB-2, 7 to 25 year term to be served. Authorized by law in Ohio with each term served ONE TIME EACH, in sequence of imposition, with SB-2 terms served first as the 7 to 25 year term is "TOLLED" (Stopped from being served), followed by the remaining 7 to 25 year term being served until maximum expiration date.

{¶7} Further, plaintiff indicates he has previously filed a writ of habeas corpus with the Ohio Supreme Court. Plaintiff alleges that, during that case, defendant "concealed" the duplicate terms from the Ohio Supreme Court. Specifically, plaintiff alleges that the attorney representing defendant committed "intentional fraud" on the Ohio Supreme Court when he "concealed" the miscalculation of his prison sentence. As a result, plaintiff requests $282,310.00 in damages.

{¶8} In support of his motion for summary judgment, plaintiff submitted his own affidavit, a verified complaint, and numerous exhibits attached thereto, as well as a response to defendant's cross-motion for summary judgment. In these materials, plaintiff reasserts the arguments raised in his verified complaint, as discussed above.

{¶9} In its cross-motion for summary judgment, defendant argues that plaintiff is not falsely imprisoned because his stated maximum prison term has not yet expired. Defendant states that it has the privilege to confine plaintiff until August 19, 2024 and

that plaintiff's stated prison term has been properly calculated pursuant to Ohio Administrative Code 5120-2-03.2(E). Moreover, defendant provides that, on multiple occasions, the Ohio Supreme Court has determined that plaintiff's sentence is properly calculated.[5]

{¶10} Regarding plaintiff's fraud claim, defendant argues that any claim for fraud is barred by the two-year statute of limitations. Defendant reasons that any such fraud claim arising from plaintiff's habeas case would have accrued no later than May 16, 2017, the date upon which the Ohio Supreme Court issued its decision. However, plaintiff filed his complaint on September 24, 2019, well after the statute of limitations expired. In the alternative, defendant argues that any claim for fraud regarding representations about plaintiff's sentence made by defendant must fail because plaintiff's sentence was properly calculated.

{¶11} In support of its cross-motion for summary judgment, defendant submitted the affidavit of Carla Black, a Correction Records Sentence Computation Auditor for the Ohio Bureau of Sentence Computation (BOSC). Black has been in her current position with BOSC for 6 years. (Black Aff., ¶ 2.) BOSC is responsible for processing sentencing documents and computing release dates for individuals under the custody and control of the Ohio Department of Rehabilitation and Correction (ODRC). *Id.*, at ¶ 3.

{¶12} Black personally reviewed plaintiff's sentencing entries related to his incarceration with ODRC and those sentencing entries are attached as exhibits to Black's affidavit. *Id.*, at ¶ 4. On February 23, 1987, plaintiff received an indefinite sentence of 7 to 25 years for a conviction for Voluntary Manslaughter. (Black Aff., ¶ 5; Exhibit A-1.) Plaintiff was assessed 182 days of jail-time credit and his maximum term

---

[5]*Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967; *State ex rel. Johnson v. Bur. of Sentence Computation*, __ Ohio St.3d __, 2020-Ohio-999, __ N.E.2d __.

was set at August 22, 2011.  *Id.*  On April 12, 1996, plaintiff was released on parole. (Black Aff., ¶ 6.)

{¶13} On November 6, 1996, plaintiff was assessed 8 days of lost time for violating the conditions of his parole, resulting in his maximum term being adjusted to August 30, 2011.[6]  (Black Aff., ¶ 6; Exhibit A-3.)

{¶14} On June 13, 2000, plaintiff was convicted in Montgomery County of Having a Weapon Under Disability, and his parole was revoked.  (Black Aff., ¶ 7; Exhibit A-4.) Plaintiff was sentenced to serve 3 years to run concurrent to his previous indefinite sentence, and a 1-year firearm specification to be served consecutively to his previous sentences. *Id.*  As a result, plaintiff's maximum term was adjusted to August 30, 2012. *Id.*

{¶15} On March 28, 2006, plaintiff received three new convictions in Fayette County for Receiving Stolen Property (1-year sentence), Failure to Comply (2-year sentence), and Obstructing Official Business (90-day sentence).  (Black Aff., ¶ 8; Exhibit A-5.)  Plaintiff's sentences for Receiving Stolen Property and Failure to Comply were ordered to run consecutive to each other and consecutive to his prior sentences. *Id.* Plaintiff's sentence for Obstructing Official Business was ordered to run concurrent with the other two sentences.  *Id.*  Accordingly, plaintiff's maximum term was adjusted to August 30, 2015.  *Id.*

{¶16} On June 15, 2006, plaintiff was convicted in Adams County of Burglary. (Black Aff., ¶ 9; Exhibit A-6.)  Plaintiff was ordered to serve 3 years to run concurrently to the Fayette County charges.  *Id.*  Thus, plaintiff's stated maximum term was not changed. *Id.*

{¶17} On May 31, 2007, plaintiff was convicted in Madison County of two counts of Complicity to Illegal Conveyance of Drugs.  (Black Aff., ¶ 10; Exhibit A-7; Exhibit A-8.)

---

[6]Black points out that to account for Leap Years plaintiff's maximum term was reduced by 5 days from September 4, 2011.

Plaintiff was ordered to serve a two-year sentence for each count, for a total of 4 years, to be served consecutively. *Id.* As a result, plaintiff's maximum term was adjusted to August 29, 2019. *Id.*

{¶18} On June 27, 2007, plaintiff was convicted in Highland County for Aggravated Robbery (7-year sentence), Burglary (4-year sentence), and Theft (1-year sentence). (Black Aff., ¶ 11; Exhibit A-9.). These counts were ordered to run concurrent to each other and concurrent to plaintiff's previous sentences. *Id.* Thus, plaintiff's stated maximum term remained the same. *Id.*

{¶19} On August 23, 2007, plaintiff was convicted in Montgomery County for Receiving Stolen Property (18-month sentence), Possession of Criminal Tools (12-month sentence), Vandalism (12-month sentence), and Burglary (5-year sentence). (Black Aff., ¶ 12; Exhibit A-10.) These new convictions were ordered to be served concurrent to each other. *Id.* However, plaintiff's new sentence was ordered to be served consecutively to his previous sentences resulting in plaintiff's maximum stated term being extended to August 27, 2024. *Id.* Plaintiff also received 8 days of jail-time credit; therefore, his stated maximum term was calculated to expire on August 19, 2024. (Black Aff., ¶ 13.)

{¶20} Black further avers that when calculating an inmate's sentence, BOSC auditors follow the orders of the sentencing courts. *Id.*, at ¶ 14. Black explains that, in order to ensure an accurate sentence calculation, each computer calculation of sentences is rechecked by hand. *Id.*, at ¶ 15. Furthermore, when a new sentencing entry is received by BOSC, the inmate's entire sentence is reviewed by at least three BOSC staff members. *Id.* Black further explained that due to plaintiff's multiple inquires and lawsuits regarding the calculation of his sentence, his sentence has been reviewed by 7 senior Auditors or BOSC executive management staff members. *Id.*, at ¶ 16.

**False Imprisonment**

{¶21} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109, 573 N.E.2d 633 (1991), quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71, 362 N.E.2d 646 (1977). "Under the provisions of R.C. 2743.02(A)(1), 'the state may be held liable for the false imprisonment of its prisoners.'" *Abercrombie v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-744, 2017-Ohio-5606, ¶ 9, quoting *Bennett* at paragraph two of the syllabus. "However, an action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face." *Williams v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-77, 2009-Ohio-3958, ¶ 12. "Thus, although the state may be liable for false imprisonment, it retains immunity under common law for claims of false imprisonment when the plaintiff was incarcerated pursuant to a facially valid judgment or order." *Id.* Furthermore, "[f]acial invalidity does not require the consideration of extrinsic information or the application of case law." *Pruitt v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-117, 2013-Ohio-3743, ¶ 7 (citations omitted).

{¶22} Construing the evidence in a light most favorable to plaintiff, the court finds that plaintiff can prove no set of facts entitling him to recovery for false imprisonment. Plaintiff does not contest that the sentencing entries attached to defendant's cross-motion for summary judgment are true and accurate copies of the sentencing entries from his multiple felony convictions. Plaintiff does not contest the validity of the sentencing entry ordering him to serve an indefinite 7 to 25-year sentence for Voluntary Manslaughter, nor does he contest the fact that he was on parole supervision when he committed several new felonies resulting in a new aggregate 12-year definite sentence. The sentencing entries from the Montgomery County Court of Common Pleas, Fayette

County Court of Common Pleas, and Madison County Court of Common Pleas order that the sentences be served consecutively rather than concurrently to plaintiff's indefinite sentence. Furthermore, those sentencing entries, when calculated demonstrate that plaintiff's maximum expiration of his sentences expires on August 19, 2024. There is no suggestion that the sentencing entries are facially invalid or suffer from any defect. Accordingly, the evidence shows that, at all times relevant to this complaint, plaintiff was incarcerated pursuant to facially valid sentencing orders.

{¶23} Plaintiff argues that defendant miscalculated his prison sentence by adding his definite term to his indefinite term resulting in "unlawful duplicate terms." Plaintiff argues that his indefinite term should have been "tolled" or, as plaintiff states, "stopped from being served." Ohio Admin. Code 5120-2-03.2(E) provides that plaintiff's definite term shall be served before plaintiff's indefinite term is served. In this case, to calculate plaintiff's maximum release date, the indefinite term and the definite term are added together, producing the maximum release date. *See Jones v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 16AP-138, 2016-Ohio-5425, ¶ 16 (finding that defendant properly calculated an inmate's maximum release date by adding his indefinite term to his definite term, which is consistent with the requirement that the inmate serve the definite term prior to serving the indefinite term). Thus, plaintiff's argument has no merit.

{¶24} In his response to defendant's cross-motion for summary judgment, plaintiff argues that defendant failed to account for more than 400 days of jail-time credit. It does not appear that plaintiff's complaint alleges that defendant failed to account for jail-time credit while calculating his maximum release date. Assuming such a claim is properly before the court, such an allegation would not support a claim for false imprisonment until plaintiff is falsely imprisoned due to defendant's alleged failure to account for jail-time credit. That potential claim would not arise until sometime in 2022 at the earliest. *See Baker v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-987,

2012-Ohio-1921, ¶ 12 (a claim for false imprisonment accrues upon an inmate's unlawful confinement).  Nevertheless, plaintiff has challenged the calculation of his prison sentence on at least two prior occasions, and on both occasions the Ohio Supreme Court found his sentence to be properly calculated. *See Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, ¶ 7; *see also State ex rel. Johnson v. Bur. of Sentence Computation*, __ Ohio St.3d __, 2020-Ohio-999, __ N.E.2d __, ¶ 13.  Specifically, the Ohio Supreme Court found that BOSC is privileged to confine plaintiff until 2024. *Johnson* at ¶ 7.

{¶25} Here, plaintiff again attempts to relitigate the calculation of his sentence. Upon review, this court finds that defendant has confined plaintiff at all times relevant to this complaint pursuant to valid sentencing entries. Moreover, BOSC has properly calculated plaintiff's sentence.  Accordingly, defendant's cross-motion for summary judgment regarding plaintiff's false imprisonment claim is granted.

**Fraud**

{¶26} R.C. 2743.16(A) states, in relevant part: "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."  "A cause of action for fraud or conversion accrues either when the fraud is discovered, or [when] in the exercise of reasonable diligence, the fraud should have been discovered." *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 29.

{¶27} Plaintiff's fraud claim is based upon the allegation that the attorney representing defendant committed "intentional fraud" on the Ohio Supreme Court when he "concealed" the miscalculation of his prison sentence.  Defendant asserts that plaintiff's fraud claim is barred by the two-year statute of limitations.  Plaintiff's fraud claim accrued on May 16, 2017, the date upon which plaintiff's habeas case was decided by the Supreme Court. *See Johnson*. (Defendant's Exhibit B-2.)  Plaintiff

either discovered the fraud at that time or should have discovered the fraud through the exercise of reasonable diligence. Plaintiff filed his complaint on September 24, 2019, four months after the statute of limitations expired.

{¶28} Even if plaintiff's claim was not barred by the statute of limitations, as this court has discussed at length above and the Ohio Supreme Court has confirmed, BOSC properly calculated plaintiff's sentence.[7] Thus, plaintiff can prove no set of facts entitling him to relief for fraud. Accordingly, defendant's cross-motion for summary judgment regarding plaintiff's fraud claim is granted.

{¶29} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

PATRICK M. MCGRATH
Judge

---

[7]Additionally, defendant submitted the affidavit of M. Scott Criss, Assistant Section Chief of the Criminal Justice Section, in support of its cross-motion for summary judgment. Criss avers that he did not draft the brief or make any arguments to the Ohio Supreme Court in plaintiff's habeas case. (Criss Aff., ¶ 5.) Criss further avers that he did not make any representations in plaintiff's habeas case, nor did he make any false representations in plaintiff's habeas case. *Id.*, at ¶ 6. Plaintiff has offered no Civ.R. 56 evidence to refute the truthfulness of these claims.

[Cite as *Johnson v. Ohio Bur. of Sentence Computation*, 2020-Ohio-3486.]

| RONALD G. JOHNSON | Case No. 2019-00986JD |
|---|---|
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | |
| OHIO BUREAU OF SENTENCE<br>COMPUTATION | <u>JUDGMENT ENTRY</u> |
| Defendant | |

{¶30} Based upon the decision filed concurrently herewith, defendant's cross-motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED. Accordingly, judgment is rendered in favor of defendant. All other pending motions are DENIED as moot. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed May 18, 2020**
**Sent to S.C. Reporter 6/26/20**