[Cite as *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3167.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| RONALD G. JOHNSON | Case No. 2023-00328AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On May 4, 2023, Ronald Johnson ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). On May 15, 2023, plaintiff was ordered to file a completed form complaint pursuant to R.C. 2743.10. On May 25, 2023, plaintiff filed an amended complaint, wherein plaintiff asserted that his prison sentence was incorrectly calculated and sought damages in the amount of $8,700.00 for false imprisonment he will serve "any day after August 19, 2023, of unauthorized confinement until 8/19/2024". Plaintiff's amended complaint ¶ 11. Plaintiff's amended complaint stated that he was sentenced to 7-25 years in 1978 and was sentenced to 12 years in 2006. Plaintiff asserts that his jail-time credit has been calculated incorrectly and that he will serve additional time if this is not corrected. Plaintiff was not required to pay the filing fee.

{¶2} On June 2, 2023, ODRC filed a motion for summary judgment requesting the clerk deny this case on the basis of *res judicata*. In its motion, defendant stated that plaintiff has litigated this exact claim several times in the past; namely in *State ex rel. Johnson v. Bur. of Sentence Computation*, 159 Ohio St. 3d 552, 2020-Ohio-999, 152 N.E.3d 251 and *Johnson v. Ohio Bur. of Sentence Computation*, 10th Dist. Franklin No. 20AP-312, 2021-Ohio-491.

{¶3} On June 14, 2023, plaintiff filed a memorandum in opposition to defendant's motion for summary judgment and a cross motion for summary judgment. Plaintiff asserted that this case is different from his previous lawsuits because he is not

challenging the sentence calculation but rather brings this claim because his jail time served was not properly deducted from his sentence. Plaintiff contended that he was entitled to summary judgment based on the filings in this case.

{¶4}    On July 25, 2023, plaintiff filed a motion for declaratory judgment and a motion for injunctive relief. On August 2, 2023, plaintiff filed a motion "for a hearing", and a motion "for judgment entry on cross motion for summary judgment."

{¶5}    Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶6}    "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶7}    If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which provides that "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." It is well-established that it is not appropriate to grant summary judgment unless,

{¶8}    construing the evidence most strongly in favor of the nonmoving party:

(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.

{¶9}    *Robinette v. Orthopedics, Inc.*, 10th Dist. Franklin No. 97AP-1299, 1999 Ohio App. LEXIS 2038, 7 (1999).

{¶10} Whether plaintiff's claim is barred by the doctrine of *res judicata* is a question of law. *Daniel v. Williams*, 10th Dist. Franklin No. 17AP-203, 2014-Ohio-273, ¶ 18 (internal citations omitted).  The doctrine of *res judicata* encompasses both claim preclusion and issue preclusion.  *Id.*  To promote "principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard[,]" claim preclusion prevents the relitigation of the same cause of action and issue preclusion prevents the relitigation of an issue that has been decided in a prior action.  *Id.* at ¶ 18-19.

{¶11}  Claim preclusion applies when,

> there is a prior valid judgment on the merits; (2) the present action involves the same parties as the prior action (or the parties in the present action are in privity with the parties in the prior action); (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arose out of the same transaction or occurrence.

*Id.* at ¶ 18.

{¶12}  Issue preclusion applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was determined by a court of competent jurisdiction, and (3) the party against whom issue preclusion is asserted was a party to the prior action (or the party in the present action are in privity with the parties in the prior action).  *Dehlendorf v. Ritchey*, 10th Dist. Franklin No. 12AP-87, 2012-Ohio-5193, ¶ 14, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994); *Fort Frye Teachers Assn. OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998) ("a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into

question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.").

{¶13} Assuming *arguendo* that plaintiff's claim that his jail time served was not actually and directly litigated in the prior actions making issue preclusion inapplicable, this claim could have been litigated and arose out of the same transaction or occurrence as in any of his prior actions; thus, *res judicata* still applies under the theory of claim preclusion.

{¶14} In *State ex. rel Johnson v. Bur. of Sentence Computation*, *supra*, the Supreme Court of Ohio held that plaintiff, Ronald Johnson, has brought a claim about his sentence computation for the same sentences as in this case several times and the Court had "previously ruled on the merits of these claims in at least two prior actions." *Id.* at ¶ 19. The court finds that this satisfies the first element of claim preclusion.

{¶15} As to the second element, the Supreme Court found that the element of privity was satisfied because the Bureau of Sentence Computation is a division of ODRC. *Id.* This court finds the same.

{¶16} Moving to the third element, the claims in the present action must have been actually litigated or could have been litigated in a previous action for claim preclusion to apply. Here, even if plaintiff's claim that his jail time served was not actually litigated in the previous cases, it could have been because plaintiff's Supreme Court case was decided in 2020; plaintiff's last sentencing was in 2006 according to plaintiff's complaint. Therefore, the court finds that the third element of claim preclusion is met.

{¶17} The fourth and final element for claim preclusion to apply is that both plaintiff's prior claim and the case at bar arose from the same transaction or occurrence. The court finds that this element is satisfied because both this case and plaintiff's Supreme Court case involve the calculation of plaintiff's prison term from the 1987 and 2006 sentencings.

{¶18} Based upon the foregoing, the clerk finds that there are no genuine issues as to any material fact and that defendant is entitled to judgment as a matter of law. Therefore, defendant's motion for summary judgment is GRANTED and plaintiff's claim is DENIED. All remaining pending motions are DENIED as MOOT.

| RONALD G. JOHNSON | Case No. 2023-00328AD |
|---|---|
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶19}  Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

 

HOLLY TRUE SHAVER
Deputy Clerk

Filed 8/8/23
Sent to S.C. Reporter 9/7/23